UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HELENE MAREARETHA MARTENSEN,<br><br>      Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | Case No. 3:22-cv-00317-DCN<br>Case No. 3:20-cr-00156-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Petitioner Helene Margaretha Martensen's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Dkt. 1.[1] Respondent United States has moved to dismiss the Petition. Dkt. 5. Martensen has filed a reply. Dkt. 6. For the following reasons, the Court DISMISSES Martensen's motion.

## II. BACKGROUND

In summer 2020, Helene Martensen was charged with two crimes: (1) conspiracy to distribute methamphetamine, and (2) possession with intent to distribute methamphetamine. CR–156, Dkt. 1, at 1–2.

On November 11, 2020, Martensen signed a plea agreement whereby she pleaded guilty to the conspiracy charge and the United States dismissed the possession charge. CR–

---

[1] In this Order, "CR–156" is used for record citations in the petitioner's criminal case. Regular docket citations are used for record citations in the instant civil case. The petitioner has also filed a Motion to Vacate in her criminal case. CR–156, Dkt. 160.

MEMORANDUM DECISION AND ORDER - 1

156, Dkt. 46, at 2, 7–8. As part of the agreement, Martensen waived some of her statutory rights to appeal. *Id*. at 10–11. Specifically, she waived the right to collaterally attack her sentence under 28 U.S.C. § 2255 unless she alleged ineffective assistance of counsel:

> **VIII. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255**
>
> A. **Waiver**: In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence . . . .
>
> The Defendant acknowledges that this waiver will result in the dismissal of any direct or collateral attack the Defendant might file seeking to challenge the plea, conviction or sentence in this case.
>
> **B. Exceptions**:
>
> 1. **Direct Appeal**: . . . .
>
> 2. **Motion Under 28 U.S.C. § 2255**: Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

*Id*.

Martensen acknowledged in the plea agreement that she reviewed and understood the agreement:

> **XV. ACCEPTANCE BY DEFENDANT AND COUNSEL**
>
> I have read and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. . . . I am satisfied with my attorney's advice and representation in this case.

*Id*. at 15. Defense Counsel also acknowledged in the plea agreement that he reviewed the agreement with his client: "I have read this agreement and have discussed the contents of the agreement with my client." *Id*. at 16. Both Martensen and Defense Counsel signed the agreement. *Id*. at 15–16.

On December 14, 2020, the Court held a hearing to determine whether the plea agreement should be accepted. CR–156, Dkt. 163. The Court reviewed with Martensen the indictment, the maximum punishment, and the constitutional rights Martensen was forfeiting by accepting the plea. *Id*. at 5–11. Martensen also affirmed under oath that:

(1) she read every provision of the plea agreement,

(2) she reviewed every provision of the plea agreement with her attorney,

(3) she understood every provision of the plea agreement,

(4) she understood the agreement contained a provision whereby she was giving up some of her rights to appeal, and

(5) she understood that the Court could impose a harsher sentence than she had been told.

*Id*. at 15. Counsel for Martensen also affirmed that his client was competent to enter a plea and that her plea was knowledgeable and voluntary. *Id*. at 5, 17.

On March 16, 2021, the Court accepted the terms of the plea agreement and sentenced Martensen. CR–156, Dkt. 65. Martensen did not make a direct appeal.

On July 26, 2022, Martensen moved to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. 1. She argued that her criminal history should be reduced by five points because two of her previous convictions were vacated in state court,

two points were mistakenly given for the same conviction, and she was not on probation when one of her previous crimes was committed. *Id*. at 4–5, 7–8, 10.

On September 9, 2022, the United States responded and moved to dismiss, arguing that Martensen's petition was subject to the plea agreement waiver because there was no allegation of ineffective assistance of counsel. Dkt. 5, at 8–10. The United States also argued that her petition was untimely and that her claims failed on the merits. *Id*. at 11–15.

On October 17, 2022, Martensen filed a reply and argued that her waiver was not made knowingly and voluntarily because she did not understand what a collateral attack or § 2255 motion was. Dkt. 6, at 1. She also raised for the first time a claim of ineffective assistance of counsel, suggesting Defense Counsel erred by not helping her understand the nature of the waiver. *Id*.

### III. LEGAL STANDARD

Federal law provides that a person in federal custody can make a collateral attack on the judgment against her, that is, challenge her sentence in the sentencing court. *See* 28 U.S.C. § 2255. This procedure is outlined in Title 28 U.S.C. § 2255, which provides the grounds for which a collateral attack can be made:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A sentence is otherwise subject to collateral attack if it "involves a fundamental defect that

inherently results in a complete miscarriage of justice." *U.S. v. Addonizio*, 442 U.S. 178, 185 (1979).

When a defendant challenges her sentence under this statute, she must "specify factual allegations that, if true, state a claim on which relief could be granted." *U.S. v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011). Once these allegations are provided, the sentencing court promptly holds an evidentiary hearing to determine whether to grant or deny the prisoner's motion. *See* 28 U.S.C. § 2255(b). However, the court can decide the motion without holding a hearing "if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *Withers,* 638 F.3d at 1063 (cleaned up). In such an instance, the court dismisses the motion. *Id*. at 1062–63 (affirming trial court's dismissal of claims because they were "sufficiently frivolous").

## IV. DISCUSSION

### A. Waiver

The United States argues that through her plea agreement Martensen has waived her right to file the instant § 2255 motion. Dkt. 5, at 8–10. The Court agrees.

The allegations in a § 2255 motion do not present a claim upon which relief can be granted if the petitioner has waived her right to make a collateral attack. The Ninth Circuit has held that a criminal defendant can waive her right to appeal generally and her right to challenge her conviction under § 2255 specifically. *See, e.g., U.S. v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) ("If it is not a due process violation for a defendant to waive constitutional rights as part of a plea bargain, then a defendant's waiver of a

nonconstitutional right, such as the statutory right to appeal a sentence, is also waivable.") (cleaned up); *U.S. v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding defendant waived right to bring § 2255 motion). Courts enforce a waiver of the petitioner's right to file a § 2255 motion if (1) the waiver is express, and (2) the petitioner made it knowingly and voluntarily. *U.S. v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *Abarca*, 985 F.2d at 1014.

A waiver is express if it is contained in the written plea agreement; under Ninth Circuit precedent, however, it is unclear how specific the waiver must be. In *U.S. v. Abarca*, for example, the Ninth Circuit held that the defendant waived his right to bring a § 2255 motion because the plea agreement stated that he waived his right to appeal "any pretrial issues or any sentencing issues." 985 F.2d at 1013. The court reasoned that the defendant's motion presented a "sentencing issue" and was thus "clearly contemplated by, and subject to, his plea agreement waiver." *Id.* at 1013–14. Conversely, in *U.S. v. Pruitt*, the Ninth Circuit held that the defendant did not waive his right to bring a § 2255 motion because the plea agreement merely stated that the defendant "will not appeal whatever sentence is imposed by the court." 32 F.3d at 432–33. The court reasoned that this general language "did not expressly waive the right to bring a § 2255 motion." *Id.* at 433.

The tension in these precedents does not matter here because Martensen's waiver is express under both approaches. The waiver section in the plea agreement is entitled, "Waiver of right to direct appeal and to collateral attack under 28 U.S.C. § 2255." CR–156, Dkt. 46, at 10. The first paragraph in that section states that "Defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence," and the second paragraph states that "notwithstanding subparagraph A,

the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion." *Id*. at 10–11. Therefore, the plea agreement explicitly waives the right to bring a collateral attack under 28 U.S.C. § 2255 unless the basis of the claim is ineffective assistance of counsel. This waiver satisfies the stricter standard suggested in *Pruitt*.

Whether a waiver was made knowingly and voluntarily turns "on the circumstances surrounding the signing and entry of the plea agreement." *U.S. v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). Relevant circumstances surrounding the signing include the language of the plea agreement itself. For example, the Ninth Circuit has held that a defendant's acknowledgement in the written plea agreement "that he adequately reviewed the terms of the plea agreement" is evidence that a knowledgeable and voluntary waiver was made. *U.S. v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009) (holding waiver was enforceable in part because of defendant's confirmation in plea agreement).

Relevant circumstances surrounding the entry of the plea agreement include the trial court's plea colloquy with the defendant. Factors indicating that the waiver was knowing and voluntary include:

   (1) whether the judge reviewed the offense with the defendant,

   (2) whether the judge noted the maximum penalty,

   (3) whether the judge reviewed the plea agreement with the defendant,

   (4) whether the judge advised the defendant of the constitutional rights she was forfeiting,

   (5) whether the judge brought the waiver to the defendant's attention,

   (6) whether the judge warned the defendant that the sentence could be greater than she

MEMORANDUM DECISION AND ORDER - 7

had been told, and

(7) whether the judge asked questions to ensure that the defendant understood the plea agreement.

*Navarro-Botello*, 912 F.2d at 321; *Baramdyka*, 95 F.3d at 844; *U.S. v. Lo*, 839 F.3d 777, 786–87 (9th Cir. 2016). Of these factors, bringing the waiver to the defendant's attention is critical; in *U.S. v. Arellano-Gallegos* the Ninth Circuit held that the defendant's waiver was invalid because the trial court did not discuss or mention the waiver during the plea hearing. 387 F.3d 794, 797–98 (9th Cir. 2004).

In this case, the circumstances surrounding the signing and entry of the plea indicate that Martensen made a knowing and voluntary waiver. Martensen confirmed in the plea agreement that she reviewed and understood the agreement, and Defense Counsel confirmed that he reviewed the agreement with his client. CR–156, Dkt. 46, at 15–16. At the plea hearing, the Court asked Martensen whether she understood the offense, noted the maximum penalty, explained the constitutional rights she was surrendering, brought the waiver to her attention, and warned that the sentence could be greater than she was told. CR–156, Dkt. 163, at 5–11, 15. Although the Court did not itself review each provision of the plea agreement, the Court ensured Martensen understood it by asking: (1) if she had read every provision of the agreement, (2) if she had reviewed every provision with her attorney, and (3) if she had understood the provisions before signing. *Id*. at 15. Furthermore, the Court asked Defense Counsel if he was satisfied that Martensen's plea was knowledgeable and voluntary, to which he responded affirmatively. *Id*. at 17. Therefore, Martensen made the waiver knowingly and voluntarily.

Martensen argues that her waiver was not made knowingly and voluntarily because "[she] was never informed as to what was meant by a collateral attack, nor did [she] understand anything about [her] rights in regards to this type of petition" Dkt. 6, at 1. As explained above, however, the circumstances surrounding the signing and entry of the plea agreement establish that Martensen understood the waiver. Her present allegation to the contrary is, "when viewed against the record, palpably incredible." *Withers,* 638 F.3d at 1063 (cleaned up). Therefore, it is not necessary for the Court to hold a hearing to conclude that Martensen has knowingly and voluntarily waived her right to make a collateral attack. *See Id*.

**B. Ineffective Assistance of Counsel**

Martensen argues that ineffective assistance of counsel occurred because her lawyer did not explain to her what a collateral attack or habeas relief was. Dkt. 6, at 1. The Court disagrees.

Martensen has not waived her right to bring a claim of ineffective assistance of counsel, [2] CR–156, Dkt. 46, at 2, 7–8, but her allegation fails to state a claim upon which relief can be granted. First, Martensen did not allege ineffective assistance of counsel in her original § 2255 petition; she raised it in her reply, apparently only to respond to the

---

[2] Had such a waiver been included, it would have been unenforceable. A plea agreement waiver cannot bar an ineffective assistance of counsel claim that relates to the validity of the waiver itself. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (collateral attack waiver unenforceable with respect to ineffective assistance of counsel claim challenging voluntariness of waiver); *see also Pruitt*, 32 F.3d at 433 (doubting whether "a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

United States' argument that her collateral attack was waived because it was not based on a claim of ineffective assistance of counsel. Dkt. 6, at 1; Dkt. 5, at 10. It is generally inappropriate for the Court to address a claim not made in the initial briefing. *See, e.g., Smith v. Marsh*, 194 F.3d 1045,1052 (9th Cir. 1999) (explaining courts do not consider arguments raised for first time in reply brief); *Lo*, 839 F.3d at 786–87 n.3 (declining to address argument for invalidating plea agreement waiver because defendant could have raised it in opening brief).

Second, Martensen's claim of ineffective assistance of counsel is frivolous. To prevail on an ineffective assistance of counsel claim, the defendant must prove (1) that counsel's performance was objectively unreasonable and (2) that counsel's conduct prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel acts unreasonably if he does not inform his client of rights that are waived pursuant to a plea agreement. *See generally Lampert*, 422 F.3d at 871.

Here, Martensen cannot establish that counsel's performance was unreasonable because the record demonstrates that counsel informed her of the nature of the waiver. Martensen confirmed in the plea agreement that she understood the agreement and that "[she] discussed all her rights with her attorney and that [she] understood those rights." CR–156, Dkt. 46, at 15. Defense Counsel also confirmed that he read the agreement and discussed it with his client. *Id*. at 15–16. During the plea colloquy, Martensen stated that she read and understood every provision of the agreement, including the waiver provision. CR–156, Dkt. 163, at 15. Therefore, given the record in this case, Martensen's allegation

of ineffective assistance of counsel is "sufficiently frivolous" for the Court to dismiss it without holding a hearing. *Withers,* 638 F.3d at 1062–63.

**C. Summary**

Martensen participated in a plea agreement whereby she waived her right to bring the instant § 2255 motion. The record in this case conclusively establishes that the waiver was knowledgeable and voluntary, made with proper assistance of counsel. Therefore, it is unnecessary for the Court to hold an evidentiary hearing on Martensen's § 2255 motion or her claim of ineffective assistance of counsel. Martensen's petition is DISMISSED.

## V. CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order on her § 2255 motion unless the district court or court of appeals issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1) (providing that appeal cannot proceed unless "circuit justice or judge issues a certificate of appealability"); *U.S. v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (interpreting "circuit justice or judge" to include district judges). The court should issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to show that "a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To promote efficiency, the district court is required to issue or deny a COA in the same order denying the defendant's § 2255 motion. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. If the district court denies the COA, the court should state the reason for its decision. *Aznar*, 116 F.3d at 1270. The defendant cannot appeal the denial of the

COA but can file a notice of appeal and request a COA from the court of appeals pursuant to Federal Rule of Appellate Procedure 22. Rule 11(a) of the Rules Governing § 2255 Proceedings. Upon so doing, the district court forwards to the court of appeals the defendant's case file, final order, and notice of appeal. *See Asrar*, 116 F.3d at 1270.

In this case, the Court denies the COA. As explained in the preceding section, Martensen has waived the grounds she alleged in her § 2255 motion, and her claim for ineffective assistance of counsel is frivolous. No reasonable jurist would disagree with this assessment. Therefore, should Martensen wish to appeal, she must timely file a notice of appeal with this Court and request a COA from the Ninth Circuit.

## VI. ORDER

It is HEREBY ORDERED that:

1. Helen Martensen's Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255 (Dkt. 1) be DISMISSED. Accordingly, no evidentiary hearing shall be held.

2. No certificate of appealability shall issue. Should Martensen wish to request a certificate of appealability from the Ninth Circuit Court of Appeals, she may do so pursuant to Federal Rule of Appellate Procedure 22(b) and Ninth Circuit Rule 22-1.

3. Should Martensen file a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice, in conjunction with this Order and Martensen's case file, to the Ninth Circuit Court of Appeals.

4. The Clerk of the Court is directed to file this Order in Martensen's criminal and civil case.

DATED: March 10, 2023

_____
David C. Nye
Chief U.S. District Court Judge
